OPINION
FISCHER, District Judge.
Chris Webb appeals the order of the United States District Court for the Eastern District of Pennsylvania denying his petition for habeas corpus. We will affirm.[1]
Because we write only for the parties, we recite only those facts necessary to our disposition. On February 2, 1996, Webb and Darren Harcum were arrested minutes after fleeing a restaurant where, among other things, a robbery had been committed. Shortly after the arrest, one of the restaurant’s patrons identified Har-cum and Webb as the perpetrators. The patron had witnessed Webb’s role in the crimes and had ample opportunity to observe his face and clothing.
In signed statements to the police, Har-cum later implicated Webb in the crimes. Harcum subsequently pled guilty and, during his guilty plea colloquy, he again inculpated Webb.
At Webb’s trial, the restaurant patron, among others, testified to Webb’s culpability. Webb, claiming to be in the wrong place at the wrong time, presented a mistaken identity defense and an alibi. Webb’s counsel called Harcum, who stated on direct examination that he had never met Webb and that he committed the robbery with someone he could identify only as “Scoop.” The Commonwealth subsequently impeached Harcum with the statements he made to the police and during his guilty plea. Those statements were admitted as substantive evidence, and the jury convicted Webb of robbery, aggravated assault, possession of the instrument of a crime, and criminal conspiracy on December 18,1997.
After exhausting his direct appeal capabilities, Webb filed a pro se petition under Pennsylvania’s Post Conviction Relief Act (“PCRA”), 42 Pa.C.S. § 9541, et seq., raising a number of claims for relief. The Court of Common Pleas denied his petition in 2003. The Pennsylvania Superior Court affirmed on June 4, 2004, and the Pennsylvania Supreme Court denied review of the PCRA petition on March 15, 2005.
*184 On March 18, 2005, Webb filed a petition for habeas corpus in the District Court. In that petition, Webb set forth a claim he had pursued during his PCRA proceedings — that he received ineffective assistance of counsel when his attorney called Harcum to testify. A magistrate judge issued a report and recommendation on Webb’s petition on October 27, 2005. The magistrate judge determined that the Pennsylvania Superior Court, which found that no prejudice resulted from the decision to call Harcum, reasonably applied Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The magistrate judge also concluded that the remainder of Webb’s claims lacked merit and recommended that Webb’s petition be dismissed or denied without a hearing.
In an order entered on March 19, 2008, the District Court approved and adopted the magistrate judge’s report and recommendation over Webb’s objections and denied his habeas corpus petition in its entirety. Subsequently, on August 7, 2008, we granted Webb’s petition for a certificate of appealability “as to the issue whether trial counsel rendered constitutionally ineffective assistance in calling Darren Harcum to testify on behalf of the defense, and whether the state courts’ determination of this [sic ] Sixth Amendment was contrary to or an unreasonable application of Supreme Court precedent.”
On appeal, Webb contends that trial counsel provided ineffective assistance by calling Harcum as a witness because doing so resulted in the admission, as substantive evidence, of Harcum’s prior signed statements to police and sworn guilty plea testimony inculpating Webb. He also argues that the Pennsylvania Superior Court’s conclusion that Webb suffered no prejudice was contrary to, or an unreasonable application of, Strickland because the Superior Court considered only the strength of the evidence against Webb and not Webb’s evidence of innocence.
Since the District Court did not hold an evidentiary hearing, our review of its order is plenary. Slutzker v. Johnson, 393 F.3d 373, 378 (3d Cir.2004); Holland v. Horn, 519 F.3d 107, 111 (3d Cir.2008).
Federal courts cannot grant a state prisoner’s habeas petition “with respect to any claim that was adjudicated on the merits in State court ... unless the adjudication of the claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” 28 U.S.C. § 2254(d)(1). Habeas relief may be awarded under the “contrary to” clause “if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.” Williams v. Taylor, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Relief may be had under the “unreasonable application” clause where “the state court identifies the correct governing legal principle from [the Supreme Court’s] decisions but unreasonably applies that principle to the facts of the prisoner’s case.” Id. at 413, 120 S.Ct. 1495.
The clearly established Supreme Court law relevant to this case is Strickland and its progeny, which articulate the standard for establishing constitutionally ineffective assistance of counsel. In order to succeed on such a claim, a petitioner “must show that counsel’s performance was deficient ... [and] that the deficient performance prejudiced the defense.” Strickland, 466 U.S. at 687, 104 S.Ct. 2052.
Where a claim can be disposed of due to the absence of prejudice, “that course *185 should be followed.” Id. at 697, 104 S.Ct. 2052. To establish prejudice, it must be shown “that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. 2052. “[A] probability sufficient to undermine confidence in the outcome” constitutes a reasonable probability, and “the totality of the evidence” must be considered. Id. at 694-95,104 S.Ct. 2052.
We agree with the District Court that the Superior Court’s adjudication of Webb’s claim did not result in a decision that was contrary to, or an unreasonable application of, Strickland. Given the restaurant patron’s identification of Webb, the other evidence presented against him, and our “doubly deferential” review in this case, Knowles v. Mirzayance, — U.S. -, -, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009), we cannot say that Webb has demonstrated prejudice. The totality of the evidence convinces us that no reasonable probability exists that the result of Webb’s trial would have been different had his counsel never called Har-cum to testify. A careful reading of the Superior Court’s opinion, moreover, does not reveal that the Superior Court applied the incorrect standard for prejudice, believed that it must analyze only the Commonwealth’s evidence when determining prejudice, or considered only the Commonwealth’s evidence in reaching its decision.
Accordingly, the District Court’s order denying Webb’s petition for habeas corpus will be affirmed.

. The District Court had subject matter jurisdiction under 28 U.S.C. § 2254. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253.